

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-8-2002

# Guider v. Patriot News

Precedential or Non-Precedential:

Docket No. 01-1966

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Guider v. Patriot News" (2002). *2002 Decisions.* Paper 254.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/254

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

NO. 01-1966

KATHY GUIDER,
                                        Appellant

v.

THE PATRIOT NEWS

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 99-cv-00970)
District Judge:  Hon. Sylvia H. Rambo

Submitted Under Third Circuit LAR 34.1(a)
April 4, 2002

Before:  SLOVITER, BARRY and ALARC N*, Circuit Judges

(Filed April 8, 2002)

OPINION OF THE COURT

_____

    *    Hon. Arthur L. Alarc¢n, Senior Judge, United States Court of Appeals for the
    Ninth Circuit, sitting by designation. SLOVITER, Circuit Judge.
    This case involves various claims by Kathy Guider against The Patriot-News, her
employer, claiming that it discriminated against her on the basis of race.  Guider appeals
the District Court's grant of a motion for judgment as a matter of law in favor of Patriot-
News on Guider's hostile work environment claim and also argues that two of the District
Court's evidentiary rulings were erroneous as a matter of law.
                                I.
                            BACKGROUND
    Guider, an African-American woman, started working for Patriot-News as a
temporary employee around October 1990.  In March 1991, she became a full-time
employee assigned to the Classified Department as a secretary.  Several months later, she
was promoted to the position of sales representative in that department, a position that she
held until her termination.  Guider's immediate manager was Lori Rusinko.  Rusinko's
supervisor was Diane Day and her supervisor was James Stephanak.
    Guider alleges that starting shortly after her promotion, she was disparately treated
in the Classified Department, specifically, that she was assigned a heavier workload than
white employees, that she was assigned supervisory tasks not within her job description,
that she was watched, followed and over-managed by Rusinko more frequently and that
her tardiness was treated differently than similarly-situated white employees.  She also
alleges that another African-American employee, Rosalyn Holton, experienced similar
differential treatment.
    On October 10, 1997, Guider filed a PHRC complaint alleging racial

discrimination and then, on January 27, 1998, she filed an amended PHRC complaint. She alleges that after she filed her amended complaint, the monitoring of her activities increased.

On May 8, 1998, Stephanak and Rusinko warned Guider that because of her tardiness on several recent occasions, she should not be late again in the future. On May 15, 1998, Guider was terminated for allegedly taking too long of a lunch break. Guider claims she returned late from her lunch hour because of a medical emergency and that she had left word for Rusinko that she would be late returning from lunch for this reason.

On June 10, 1999, Guider filed a complaint alleging, inter alia, disparate treatment, hostile work environment, discriminatory termination, and retaliatory termination. After discovery was completed, Patriot-News filed a Motion for Summary Judgment, which was granted on November 16, 2000 with respect to, inter alia, Guider's claim of disparate treatment. The motion was, however, denied with respect to Guider's hostile work environment claim and her discriminatory and retaliatory termination claims. On August 1, 2000, Patriot-News filed a Motion In Limine seeking to exclude, on the ground of hearsay, testimony that Rusinko allegedly made a racially derogatory comment after Guider was terminated. On November 16, 2000, the District Court granted the motion excluding such testimony.

The trial began on March 12, 2001. At the close of evidence, the District Court granted a motion of Patriot-News for Judgment as a Matter of Law on, inter alia, Guider's hostile work environment claim. The remaining claims went to the jury, which found for Patriot-News. On appeal, Guider challenges the District Court's Judgment as a Matter of Law on her hostile work environment claim, the District Court's decision not to admit testimony concerning an alleged racially derogatory comment by Rusinko, and the District Court's decision to admit into evidence a statement by a previous employer of Guider.

## II.
### JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 28 U.S.C. 1331 and 1343. This court has jurisdiction over this matter pursuant to 28 U.S.C. 1291.

This court has plenary review of a judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50. Northview Motors, Inc. v. Chrysler Motors Corp., 227 F.3d 78 (3d Cir. 2000). In the employment discrimination context, the Supreme Court has said that

> in entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record. In doing so, however, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.

Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000) (citations and quotation omitted).

This court reviews a district court's evidentiary rulings for abuse of discretion. Hurley v. Atlantic City Police Dep't, 174 F.3d 95, 110 (3d Cir. 1999). Erroneous evidentiary rulings will be considered harmless if "it is highly probable that the District Court's [evidentiary decision] did not affect [the party's] substantial rights." Becker v. ARCO Chem. Co., 207 F.3d 176, 179.

## III.
### DISCUSSION

A. Judgment as a Matter of Law

This court has held that to establish a hostile work environment claim, a plaintiff must establish, "(1) that he or she suffered intentional discrimination because of race; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same race in that position; and (5) the existence of respondeat superior liability." Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1081 (3d Cir. 1996). In support of the JMOL, Patriot-News argues that Guider has failed to provide a rational

basis from which a jury could conclude that Guider has established elements (1), (2) or (4) of a hostile environment claim.

Both parties acknowledge that to establish element (1), the burden is on Guider to show that race was a substantial factor in her harassment. From our review of the evidence, we agree with the District Court that Guider did not meet this burden. Having so found, we will affirm the District Court's decision granting judgment as a matter of law in favor of Patriot-News on Guider's hostile environment claim without reaching the question whether she established the other elements of a hostile environment claim.

B.    Evidentiary Issues

1.    Inadmissibility of Testimony Concerning Alleged Racially Derogatory Statement

In an in limine motion, Patriot-News argued that testimony concerning an alleged derogatory statement by Rusinko   namely, "After Kathy Guider, I won't hire another black in my department"   was inadmissible. Patriot-News argued, first, that such testimony was inadmissible hearsay or multiple hearsay and inadmissible under Federal Rule of Evidence 802. Second, it argued that, to the extent that there is testimony about this alleged statement that is not hearsay, such testimony should be excluded because its probative value is outweighed by its prejudicial effect. Fed. R. Evid. 403. The District Court granted this motion.

Guider contends that she could have produced witnesses who could testify that they heard this comment from others. Even if she could have produced such witnesses, their testimony would not be admissible because it would be hearsay. Fed. R. Evid. 802. Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c). A witness's statement that another person told him or her what Rusinko said is an out-of-court statement offered to prove that Rusinko did say that. As such, it is a paradigmatic instance of hearsay. The District Court did not err and certainly did not abuse its discretion in refusing to admit such testimony.

Further, because Guider does not claim to have a witness who could offer non-hearsay testimony about Rusinko's statement, she cannot claim to have been harmed by the District Court's decision to exclude any such evidence under Rule 403. Therefore, we cannot find that the District Court abused its discretion in its Rule 403 ruling.

2.    Admissibility of Letter from Previous Employer

As evidence at trial, the District Court admitted a letter written to Guider by her previous employer, the Pennsylvania Department of Commerce (DOC), concerning an alleged race discrimination complaint filed against DOC on behalf of Guider. App. at 43. Guider admits that the existence of the alleged complaint is relevant, Fed. R. Evid. 401, but she denies on various grounds that the letter should be admissible. First, she argues that the letter was admitted to prove the contents of the alleged complaint against DOC without introducing into evidence the actual complaint and that this violates the best evidence rule. Fed. R. Evid. 1002. Second, she argues that the letter is inadmissible hearsay. Fed. R. Evid. 803. Third, she argues that the letter is highly prejudicial and has no probative value and, thus, should be excluded. Fed. R. Evid. 403.

Under the Federal Rules of Civil Procedure, a court "must disregard any error . . . which does not affect the substantial rights of the parties." Fed. R. Civ. P. 61. The decision to admit this letter into evidence, even if it was in error, was not at all central to the issues in this case. The testimony concerning this letter occupies less than two pages of the trial transcript. There is nothing to suggest that the decision to admit this letter into evidence is at all likely to have affected the resolution of Guider's wrongful termination claims, the only claims that remained when this case went to the jury. Even if the District Court did err in admitting this evidence, a question that we do not need to reach, this evidentiary decision is harmless.

IV.

CONCLUSION

For the reasons described herein, the judgment of the District Court will be affirmed.

_____

TO THE CLERK:

Please file the foregoing opinion.

_____
Circuit Judge